1 Brian Brazier, Esq. (SBN: 245004)
Price Law Group, APC
2 8245 N 85th Way
Scottsdale, AZ 85258
3 Tel: (818) 600-5564
brian@pricelawgroup.com
4 *Attorneys for Plaintiff*,
*Michele Ammons*
5

6
**UNITED STATES DISTRICT COURT**
7 **CENTRAL DISTRICT OF CALIFORNIA**

8
Case No.  2:18-cv-6489
9
MICHELE AMMONS,                    **COMPLAINT AND DEMAND FOR**
10                                 **JURY TRIAL FOR VIOLATIONS**
        Plaintiff,                 **OF:**
11
        v.                         1. Telephone Consumer Protection Act,
12                                    47 U.S.C. § 227 *et seq.*;
                                   2. Fair Debt Collection Practices Act,
13 DIVERSIFIED ADJUSTMENT             15 U.S.C. § 1692 *et seq.*;
SERVICE, INC.,                     3. Cal. Civ. Code § 1788 *et seq.*; and
14                                 4. Intrusion Upon Seclusion
        Defendant.
15

16

17        **COMPLAINT AND DEMAND FOR JURY TRIAL**

18        Plaintiff Michele Ammons ("Plaintiff"), by and through her attorneys, alleges

19 the    following    against    Defendant    Diversified    Adjustment    Service,    Inc.

20 ("Defendant"):

21                          **INTRODUCTION**

22 1.      Count I of Plaintiff's Complaint is based upon the Telephone Consumer

23 Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that

24 broadly regulates the use of automated telephone equipment.  Among other things,

25 the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

26 dialers or prerecorded messages, and delegates rulemaking authority to the Federal

27 Communications Commission ("FCC").

28 2.      Count II of Plaintiff's Complaint is based upon Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

3.      Count III of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

4.      Count IV of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

5.      Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. 1331.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

7.      Plaintiff is a natural person residing in the Bakersfield, Kern County, California.

8.      Defendant is a debt collector with its principal place of business located at 600 Coon Rapids Blvd., Minneapolis, Minnesota 55433 and can be served through its registered agent at CT Corporation System, Inc., 1010 Dale St. N., St. Paul, MN 55117-5603.

9.      Defendant's principal purpose is the collection of debts and regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due by another. Defendant regularly uses the telephone and mail to engage in the business of

COMPLAINT AND DEMAND FOR JURY TRIAL

collecting debt in several states, including California. Thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

11.     In or around February 2018, in an attempt to collect on an alleged consumer account, Defendant began calling Plaintiff on her cellular phone number ending in 3436.

12.     Upon information and belief, in an attempt to hide its true identity and to trick Plaintiff into answering its phone calls, Defendant called Plaintiff from what appear to have been spoofed phone numbers: (661) 454-0526; (661) 454-0643; (661) 454-0745; (661) 454-5515; (661) 454-5516.

13.     On or about February 26, 2018, at 5:54 p.m., Plaintiff received a call on her cell phone from (661) 454-5516. During this conversation, Plaintiff spoke with a representative who was attempting to collect a debt; during the call, Plaintiff unequivocally revoked consent to be contacted any further.

14.     Despite revoking consent Plaintiff continued to receive phone calls from Defendant.

15.     On or about March 12, 2018, at 10:03 a.m., Plaintiff received a call on her cell phone from (661) 454-5979. During this call Defendant attempted to collect a debt from Plaintiff. Plaintiff informed the representative that she was going through a financial hardship and once again unequivocally requested not to be contacted on her cell phone any further.

16.     Despite Plaintiff's pleas, Defendant continued to call Plaintiff on her cell phone without consent.

17.   Between February 26, 2018 and May 3, 2018, Defendant willfully called Plaintiff on her cellular phone approximately seventy (70) times to annoy and harass Plaintiff in the hopes that it could induce Plaintiff to pay the debt.

18.   Defendant called Plaintiff up to five (5) times a day.

19.   For example, on April 19, 2018, Defendant called at 9:14 a.m., 9:59 a.m., 1:45 p.m., 3:26 p.m., and 5:44 p.m.

20.   Each time Plaintiff received a phone call from Defendant there was a brief pause prior to speaking with a representative, indicating the use of an automatic telephone dialing system.

21.   On many occasions, Defendant also left pre-recorded or artificial voice messages for Plaintiff.

22.   The majority of the calls that Plaintiff received were during working hours, which often led to interruptions in her workday.

23.   Plaintiff works in a warehouse which requires her full attention throughout her workday.

24.   Unfortunately, due to the constant calls from Defendant, Plaintiff would often have to stop focusing on her job to see who was calling, which can be a safety hazard.

25.   Plaintiff has been struggling financially and has been working hard to stay on top of her financial obligations.

26.   However, Plaintiff's husband lost his job a couple of years ago and Plaintiff has been the only income her in household since then.

27.   Plaintiff is under an immense amount of stress and Defendant's calls have only exacerbated her stress.

28.   Due to Defendant's actions, Plaintiff has suffered emotional distress, invasion of privacy, and actual damages.

29.   Plaintiff attempted to resolve this matter pre-litigation by sending a demand letter via certified mail to Defendant at its address in Minnesota.

COMPLAINT AND DEMAND FOR JURY TRIAL

30.   Tracking indicates that the demand letter was delivered to 600 Coon Rapids Blvd., Minneapolis, Minnesota 55433 on June 7, 2018.

31.   Plaintiff requested that Defendant respond to the demand letter by July 6, 2018, but never received a response.

32.   As of the date of the filing of this Complaint, Defendant has not reached out to address the allegations raised in the Complaint.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

33.   Plaintiff incorporates by reference paragraphs one (1) through thirty-two (32) of this Complaint as though fully stated herein.

34.   Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

a.   Within four years prior to the filing of this action, on multiple occasions,  Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than    a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b.   Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

35.   The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain

COMPLAINT AND DEMAND FOR JURY TRIAL

software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

36. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.

37. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id*. at 14091-92, paras. 132-33.

38. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

39. Plaintiff is informed and believes such acts directed towards Plaintiff were carried out with a conscious disregard of Plaintiff's right to be free from such behavior, such as to constitute oppression, fraud or malice pursuant to CAL. CIV. CODE § 3294, entitling Plaintiff to punitive damages in the amount appropriate to punish and set an example of Defendant.

## COUNT II

### (Violations of 15 U.S.C. § 1692 *et seq*.)

40. Plaintiff incorporates by reference paragraphs one (1) through thirty-two (32) of this Complaint as though fully stated herein.

41. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

b.      Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

c.      Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

42.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

43.    As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

44.    Plaintiff is informed and believes such acts directed towards Plaintiff were carried out with a conscious disregard of Plaintiff's right to be free from such behavior, such as to constitute oppression, fraud or malice pursuant to CAL. CIV. CODE § 3294, entitling Plaintiff to punitive damages in the amount appropriate to punish and set an example of Defendant.

## COUNT III

### (Violations of CAL. CIV. CODE § 1788 *et seq.*)

45.    Plaintiff incorporates by reference paragraphs one (1) through thirty-two (32) of this Complaint as though fully stated herein.

46.    Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

d.      Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

e.      Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

i.      Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the

1    collection of the alleged debt; and

2    ii.    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15

3    U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging

4    Plaintiff in telephone conversations repeatedly;

5    iii.    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15

6    U.S.C. § 1692f by using unfair or unconscionable means in connection

7    with the collection of an alleged debt; and

8    47.    Defendant's acts, as described above, were done intentionally with the

9    purpose of coercing Plaintiff to pay the alleged debt.

10    48.    As a result of the foregoing violations of the RFDCPA, Defendant is liable to

11    Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

12    49.    Plaintiff is informed and believes such acts directed towards Plaintiff were

13    carried out with a conscious disregard of Plaintiff's right to be free from such

14    behavior, such as to constitute oppression, fraud or malice pursuant to CAL. CIV.

15    CODE § 3294, entitling Plaintiff to punitive damages in the amount appropriate to

16    punish and set an example of Defendant.

17    **COUNT IV**

18    **(Intrusion Upon Seclusion)**

19    50.    Plaintiff incorporates by reference paragraphs one (1) thirty-two (32) of this

20    Complaint as though fully stated herein.

21    51.    Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon

22    seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of

23    another, or his private affairs or concerns, is subject to liability to the other for

24    invasion of privacy, if the intrusion would be highly offensive to a reasonable

25    person".

26    52.    Defendant violated Plaintiff's privacy. Defendant's violations include, but are

27    not limited to, the following:

28

a.    Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

b.    The number and frequency of the telephone calls to Plaintiff by Defendant after several requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

c.    Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule.

d.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

53.   As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

54.   Plaintiff is informed and believes such acts directed towards Plaintiff were carried out with a conscious disregard of Plaintiff's right to be free from such behavior, such as to constitute oppression, fraud or malice pursuant to CAL. CIV. CODE § 3294, entitling Plaintiff to punitive damages in the amount appropriate to punish and set an example of Defendant.

**PRAYER OF RELIEF**

**WHEREFORE**, Plaintiff Michele Ammons, respectfully requests judgment be entered against Defendant Diversified Adjustment Service, Inc. for the following:

55.   Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

56.   Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

57.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

COMPLAINT AND DEMAND FOR JURY TRIAL

58.     Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(2);

59.     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

60.     Statutory damages of $1,000.00 pursuant to the RFDCPA, CAL. CIV. CODE §1788.30(b);

61.     Actual damages pursuant to RFDCPA, CAL. CIV. CODE §1788.30(b);

62.     Costs and reasonable attorneys' fees pursuant to the RFDCPA, CAL. CIV. CODE §1788.30(c);

63.     Punitive damages pursuant to CAL. CIV. CODE § 3294.

64.     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

65.     Any other relief that this Honorable Court deems appropriate.


        Respectfully submitted this 27th day of July 2018.

                                        **PRICE LAW GROUP, APC**

                                        By:/s/ Brian Brazier
                                        Brian Brazier, Esq. (SBN: 245004)
                                        8245 N 85th Way
                                        Scottsdale, AZ 85258
                                        Tel: (818) 600-5564
                                        brian@pricelawgroup.com
                                        *Attorneys for Plaintiff,*
                                        *Michele Ammons*

COMPLAINT AND DEMAND FOR JURY TRIAL