O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE AMMONS,<br><br>    Plaintiff,<br><br>    v.<br><br>DIVERSIFIED ADJUSTMENT SERVICE, INC.,<br><br>    Defendant. | Case № 2:18-cv-06489-ODW (MAAx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND [34]** |

## I. INTRODUCTION AND BACKGROUND

On July 27, 2018, Plaintiff Michele Ammons filed her initial Complaint in this matter, asserting causes of action against Defendant Diversified Adjustment Service ("DAS"), Inc. for (1) violation of the Telephone Consumer Protection Act ("TCPA"), (2) the Fair Debt Collection Practices Act ("FDCPA"), (3) the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and (4) Intrusion Upon Seclusion. (Compl., ECF No. 1.) The Court issued its Scheduling and Case Management Order ("Scheduling Order") in October 2018. (Scheduling Order, ECF No. 16.) The Scheduling Order, among other deadlines, set February 11, 2019, as the deadline to hear motions to amend pleadings or add parties. (Scheduling Order 24.) In December 2018 and January 2019, the parties exchanged discovery and corresponded regarding disputes. (Mot. to Am. Comp. ("Mot.") 4, ECF No. 34.) In March and April 2019,

they engaged in informal telephonic discovery conferences before the Court. (Mot. 4; Minutes of Informal Telephonic Discovery Conf., ECF No. 27; Minutes of Informal Discovery Telephone Conf., ECF No. 33.) On April 25, 2019, Ammons conducted a 30(b)(6) deposition, and "discovered new information relevant to Plaintiff's case." (Mot. 4.) Thereafter, on May 3, 2019, Ammons moved for leave to amend her Complaint. (*See generally* Mot.)

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion.[1]

## II. LEGAL STANDARD

"[A]fter the pretrial scheduling order's deadline for amending the pleadings has expired," a party seeking to amend "must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4)" ("Rule 16") before amendment will be permitted. *Neidermeyer v. Caldwell*, 718 F. App'x 485, 488 (9th Cir. 2017) (quoting *In re W. States Wholesale Nat. Gas Antitrust Litig.* ("*In re W. States*"), 715 F.3d 716, 737 (9th Cir. 2013)); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Pursuant to Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"To permit a party to disregard a Rule 16 order by an appeal to the standards of Rule 15 would 'undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'" *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996) (quoting *Johnson,* 975 F.2d at 610–11). The focus of the good cause inquiry is the diligence, or lack thereof, of the party seeking modification and their reasons for seeking amendment. *Johnson*, 975 F.2d at 609; *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of motion to modify schedule where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court"). Good cause typically will not be found where the party seeking to modify the scheduling

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. The hearing on June 3, 2019, at 1:30 p.m. is hereby **VACATED**.

order knew of the facts and theories supporting amendment since the beginning of the action. *See In re W. States*, 715 F.3d at 737; *Neidermeyer*, 718 F. App'x at 489.

Only where Rule 16's good cause standard is met must a court consider whether amendment is proper under Federal Rule of Civil Procedure 15 ("Rule 15"). *See Johnson*, 975 F.2d at 608. Although Rule 15 provides that leave to amend shall be given freely when justice so requires, it is not automatic. Fed. R. Civ. P. 15(a)(2); *In re W. States*, 715 F.3d at 738. In evaluating the propriety of leave to amend, the Ninth Circuit considers five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether plaintiff previously amended his complaint. *In re W. States*, 715 F.3d at 738.

### III. DISCUSSION

Ammons fails to show good cause to modify the scheduling order to permit her late motion to amend. The Scheduling Order in this matter set February 11, 2019, as the last day to hear motions to amend pleadings or add parties, meaning a motion to amend must have been filed no later than January 14, 2019. (Scheduling Order 24). The Court's Scheduling Order informs the parties, "[i]f any party moves to amend a pleading after this date, they must address the propriety of amendment under *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992)." (Scheduling Order 5.)

Ammons moved for leave to amend her complaint on May 3, 2019, more than three months beyond the deadline to do so. Yet Ammons does not address *Johnson* or otherwise show good cause to modify the Scheduling Order. Instead, she merely cites the standard for amendment under Rule 15 and lists facts regarding the parties' discovery exchanges. (*See* Mot. 3–4.) She states that she learned new information at the deposition on April 25, 2019, but DAS contends she would have known of this information from documents DAS produced in December 2018. Ammons also argues that, "[b]ecause [Ammons] attempted to resolve the discovery disputes prior to the cut-off date of February 11, 2019[,] for adding parties or amending pleadings, [her] request should be granted." (Mot. 4.) However, Ammons fails to explain why she

3

waited more than three months after the deadline to file this Motion. This is insufficient to establish good cause under Rule 16.

Neither is Ammons entitled to relief under Rule 15. Rule 15 provides that leave to amend shall be given freely when justice so requires, but it is not automatic. Fed. R. Civ. P. 15(a)(2); *In re W. States*, 715 F.3d at 738. Even were the Court inclined to find good cause to modify the Scheduling Order, which it is not, justice does not require leave to amend. Ammons delayed more than three months beyond the deadline to move to amend pleadings before bringing this Motion, with a hearing date after the deadline to file dispositive motions. This delay means that DAS was forced to file its Motion for Summary Judgment (ECF No. 38) before Ammons's Motion for Leave to Amend can be resolved. Ammons points to the discovery disputes as the reason for her delay, but does not explain her failure to seek relief from the Scheduling Order before the deadline expired or at some earlier time. Finally, Ammons's counsel, David Chami, states that DAS did not respond to Ammons's multiple discovery communications, but DAS submits the very responses that Chami declares did not occur. (*See* Decl. of David A. Chami in Supp. of Pl.'s Mot. ¶¶ 7–9, ECF No. 35; Decl. of Lawrence K. Iglesias in Opp'n to Pl.'s Mot. Exs. 8–9, ECF No. 37-1.) This demonstrates, at best, Ammons's counsel's carelessness, and at worst, bad faith. These factors weigh against granting leave.

## IV.　CONCLUSION

For the reasons discussed above, the Court **DENIES** Ammons's Motion for Leave to Amend. (ECF No. 34.)

**IT IS SO ORDERED.**

May 30, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

4